**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | |
|---|---|
| IN THE MATTER OF WHITETAIL VESSEL COMPANY, LLC, AS OWNER, and INLAND MARINE SERVICE, INC., AS OWNER *pro hac vice*, OF THE M/V BOBBY THOMPSON, OFFICIAL NO. 518256, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CASE NO. 5:21-cv-129-TBR<br><br>IN ADMIRALTY<br><br>Electronically Filed |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

COME NOW Whitetail Vessel Company, LLC ("Whitetail Vessel Company"), as owner, and Inland Marine Service, Inc. ("Inland Marine")(collectively, "Petitioners"), as owner *pro hac vice*, of the of the M/V Bobby Thompson, and for their Complaint for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, hereby state as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls within Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. This action arises under the laws of the United States, specifically those laws defining a vessel owner's right to limitation and/or exoneration pursuant to 46 U.S.C. §§ 30501, *et seq.*, and various statutes, rules, and regulations relating thereto.

3. At all times relevant hereto, Whitetail Vessel Company was and is a Kentucky limited liability company having its principal place of business in Paducah, Kentucky.

4. At all times relevant hereto, Inland Marine was and is a Kentucky corporation having its principal place of business in Hebron, Kentucky.

5. At all times relevant hereto, Whitetail Vessel Company was and is the owner of the M/V Bobby Thompson (Official No. 518256), and Inland Marine was the owner *pro hac vice*, bareboat charterer, and operator of the M/V Bobby Thompson and employer of the crewmembers of the M/V Bobby Thompson.

6. At all times relevant hereto, the M/V Bobby Thompson was and is an inland river commercial towing vessel, operated on the navigable waters of the United States of America, which, at all times relevant hereto, was tight, staunch, strong and seaworthy in all respects.

7. The M/V Bobby Thompson regularly plies the navigable waters within this District, including the waters adjacent to Paducah, Kentucky. The M/V Bobby Thompson has not been attached or arrested to answer for any claim with respect to the matters described herein and no suit has been commenced against Petitioners. Thus, because the M/V Bobby Thompson may be found in this District at the time of this filing, pursuant to Supplemental Rule F(9), this Complaint for exoneration from or limitation of liability is properly venued in this Honorable Court.

8. At all times relevant hereto, Petitioners used due diligence to ensure that the M/V Bobby Thompson was tight, staunch, strong, properly equipped, supplied, and manned, and in all respects seaworthy and fit for its intended operation.

9. On August 7, 2021, at approximately 9:00 p.m. EDT, the M/V Bobby Thompson with a tow of seven loaded barges, was traveling upriver on the Tennessee River. On that date and time, the M/V Bobby Thompson was alerted by the operator of a recreational vessel that the M/V Bobby Thompson had potentially collided with a pleasure craft under the Alabama Highway 117 bridge at and around Mile 403 on the Tennessee River. Upon information and belief, the pleasure craft was adrift in the main channel under the Alabama Highway 117 bridge, without navigation lighting. Upon information and belief, the pleasure boat occupants were not wearing life vests and

the outboard motor was inoperable. At all times relevant, the M/V Bobby Thompson was displaying proper navigation lighting and navigating in accordance with the applicable rules of navigation, principles of prudent seamanship, and with reasonable care and diligence. The collision and death of James Ray Blair ("Decedent"), was solely and proximately caused by the negligent operation of the pleasure craft in violation of established principles of seamanship, in derogation of the applicable rules of navigation, in breach of the operator's obligation to operate the vessel with reasonable care and diligence, and/or the unseaworthiness of the pleasure craft.

10. Inland Marine received a letter of representation from counsel for Decedent's Estate on August 17, 2021. No suit has been filed. Even though Decedent's claim against Petitioners is not meritorious, Petitioners anticipate Decedent's Estate may assert claims against Petitioners and the M/V Bobby Thompson in an amount that exceeds the value of Petitioners' interest in the M/V Bobby Thompson.

11. At the termination of its voyage, the value of the M/V Bobby Thompson, which was the value of Petitioners' interest herein, was $6,138,500.00. Attached hereto as Exhibit "A" is a Declaration of Vessel Value setting forth the value of the M/V Bobby Thompson on August 7, 2021, immediately following the above-described casualty.

12. At the termination of the voyage described above, the M/V Bobby Thompson had $40,881.82 in pending freight. Attached hereto and marked as Exhibit "B" are two Affidavits verifying the pending freight.

13. The losses and damages allegedly resulting from the matters aforesaid were neither caused, nor contributed to by any fault or neglect on the part of Petitioners, nor of anyone for whose act Petitioners are or may be responsible, nor were said losses and damages in any way caused by an unseaworthy condition aboard the M/V Bobby Thompson.

14. The alleged losses and damages referred to above were occasioned and incurred without any fault on the part of Petitioners and without Petitioners' privity or knowledge. Petitioners deny any and all liability for any claim or loss associated by or resulting from the facts set forth above and state that they have valid and complete defenses to all such claims.

15. Petitioners contest their liability for all such claims and are entitled to exoneration from liability in connection with the aforesaid acts. Should this Honorable Court, however, adjudge that Petitioners are in any way liable for the aforesaid loss or damages claimed, then Petitioners are entitled to limit their liability as provided for in 46 U.S.C. §§ 30501, *et seq*.

16. Subject to an appraisal of Petitioners' interest in the M/V Bobby Thompson, should one be ordered, Petitioners offer and file herewith a Letter of Undertaking for the payment into Court, whenever the Court shall so order, the aggregate amount of Petitioners' interest in said vessel with interest at a rate of six percent (6%) per annum from the date of security. The Letter of Undertaking is attached hereto as Exhibit "C."

17. Petitioners aver there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the above-referenced voyage so far as is known to Petitioners.

WHEREFORE, Petitioners Whitetail Vessel Company and Inland Marine, pray:

1. That this Honorable Court enter an Order approving the Stipulation for Costs in the amount of One Thousand Dollars ($1,000.00) filed by Petitioners herein on which Petitioners are principal and Attorneys Robert Nienhuis and Megan A. Sullivan their surety. The Stipulation for Costs is attached hereto as Exhibit "D";

2. That this Honorable Court enter an Order approving as to quantum, form, and surety the Letter of Undertaking filed by Petitioners herein in the amount not exceeding $6,179,381.80 as proper security pursuant to 46 U.S.C. §§ 30501, *et seq*.;

3. That upon filing the foregoing, this Court shall issue an injunction restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Whitetail Vessel Company, Inland Marine, or the M/V Bobby Thompson or any other property owned by Petitioners arising out of the matters and happenings surrounding the casualty described above, other than in these proceedings;

4. That the Court order a notice to be issued to all persons, firms, and corporations having or alleging to have claims by reason of the casualty described above, admonishing them to appear and file their claims with the Clerk of this Honorable Court on or before the date to be fixed by this Court and as specified in the notice or be forever barred and permanently enjoined from making and filing any such claim and to answer the premises of the Complaint;

5. That the Court adjudge Petitioners and the M/V Bobby Thompson not liable for any losses, damages, demands or claims whatsoever in consequence of or arising out of or connection with the casualty as described above;

6. That, in the alternative, should the Court adjudge Petitioners are liable to any extent, that the Court then adjudge Petitioners' liability be limited to the amount of their interest in the M/V Bobby Thompson at the termination of the voyage aforementioned; and in that event, the amount paid into the Court as representing the value of Petitioners' interest in said vessel, shall be apportioned pro-rata among any claimants having made due proof of their represented claim; and that a decree be entered discharging Petitioners and the M/V Bobby Thompson from any liability in consequence of or arising out of or connected with the casualty recited above; and

7. That Petitioners have such other and further relief as maybe just and proper and fore which this Court is competent to grant.

Respectfully submitted,

**s/ Robert Nienhuis**
Robert Nienhuis (KY #93026)
Goldstein & Price, L.C.
One Memorial Drive, Suite 1000
St. Louis, MO 63102-2449
314-516-1717
314-421-2832 Fax
robert@gp-law.com
***Attorney for Petitioner Whitetail Vessel Company, LLC***

**s/ Megan A. Sullivan**
Todd M. Powers (KY #83887)
Megan Ahrens Sullivan (KY #92830)
Schroeder Maundrell Barbiere & Powers
5300 Socialville-Foster Rd., Suite 200
Mason, OH 45040
(513) 583-4200 Tel.
(513) 583-4203 Fax
tpowers@smbplaw.com
mahrens@smbplaw.com
***Attorneys for Petitioner***
***Inland Marine Service, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2021, the foregoing was filed with the above-referenced Court via the Court's CM/ECF system and served upon the following:

*Pursuant to Supplemental Rule for Admiralty or Maritime Claims F(4), in cases involving death, a copy of such notice shall be mailed to the decedent at the decedent's last known address and also to any person who shall be known to have made any claim on account of such death.*

**Via Certified Mail**
James Ray Blair, Deceased
2594 County Road 18
Dutton, AL 35744

Tina Hitchcock
2912 S Broad St. Apt. C3
Scottsboro, AL 35769

Hannah Smith
908 Bob Jones Rd.
Scottsboro, AL 35769

**Via Email Only**
David E. Harris
Sico Hoelscher Harris
802 N. Carancahua Street, Suite 900
Corpus Christi, TX 78401
(361) 653-3300
dharris@shhlaw.com
***Attorney for the Estate of James Ray Blair***

**s/ Megan A. Sullivan**
Todd M. Powers (KY #83887)
Megan Ahrens Sullivan (KY #92830)
Schroeder Maundrell Barbiere & Powers
5300 Socialville-Foster Rd., Suite 200
Mason, OH 45040
(513) 583-4200 Tel.
(513) 583-4203 Fax
tpowers@smbplaw.com
mahrens@smbplaw.com
***Attorneys for Petitioner***
***Inland Marine Service, Inc.***