# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH

| | |
|---|---|
| IN THE MATTER OF WHITETAIL VESSEL COMPANY, LLC, AS OWNER, and INLAND MARINE SERVICE, INC., AS OWNER *pro hac vice*, OF THE M/V BOBBY THOMPSON, OFFICIAL NO. 518256, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 5:21-cv-00129 (TBR) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon two motions. First, Claimants[1] have filed a Joint Motion to Dissolve Restraining Order, (Mot. to Dissolve), Dkt. 15. Petitioner Whitetail Vessel Company has responded, (Resp. to Mot. to Dissolve), Dkt. 21. Claimants have replied, (Reply), Dkt. 23. Second, Whitetail Vessel Company has filed a Motion for Leave to File Sur-reply, (Mot. for Sur-reply), Dkt. 24. Claimants have filed a response to the Mot. for Sur-reply, (Resp. to Sur-reply), Dkt. 25. As such, briefing is complete and these motions are ripe for adjudication.

For the following reasons, Whitetail Vessel Company's Mot. for Sur-reply, Dkt. 24, is **GRANTED** and Claimants' Mot. to Dissolve, Dkt. 15, is **GRANTED**.

### I.   FACTUAL BACKGROUND

This case arises out of an accident that occurred on August 7, 2021, between a recreational vessel and the M/V BOBBY THOMPSON, a commercial towing vessel. *See* Complaint for Exoneration From or Limitation of Liability, (Compl.), Dkt. 1, ¶¶ 5–6, 9.

---

[1] "Claimants" is used throughout this Memorandum Opinion and Order to refer collectively to the following individuals: Carla Annette Blair, as Administratix of the Estate of James Ray Blair Jr., Tina Hitchcock, and Hannah Smith. *See* Mot. to Dissolve, Dkt. 15.

On August 7, 2021, the M/V BOBBY THOMPSON was allegedly traveling upriver on the Tennessee River with a tow of seven loaded barges. *See id.* ¶ 9. According to the Complaint, as the M/V BOBBY THOMPSON traveled underneath the Alabama Highway 117 bridge, it collided with a recreational vessel. *See id.* The Mot. to Dissolve alleges that at the time of the collision the recreational vessel had three occupants: James Ray Blair Jr., Tina Hitchcock, and Hannah Smith. *See* Mot. to Dissolve ¶ 1. The Claimants state that the collision killed James Ray Blair Jr. and injured Tina Hitchcock and Hannah Smith. *See id.* ¶ 2.

Whitetail Vessel Company claims that at all relevant times it was and is the owner of the M/V BOBBY THOMPSON. *See* Compl. ¶ 5. Whitetail Vessel Company further maintains that at the termination of the M/V BOBBY THOMPSON's August 7, 2021, voyage, the value of its interest in the vessel was $6,138,500.00 and the value of the vessel's pending freight was $40,881.82. *See id.* ¶ 11–12. Together, those figures add up to $6,179,381.82. *See id.* at 4.

After the accident, Whitetail Vessel Company filed an action for exoneration from or limitation of liability under the Limitation Act. *See* Compl. This Court entered a restraining order enjoining litigation related to this action in any other forums. *See* Order, Dkt. 5. The Claimants have filed a motion to dissolve that restraining order. *See* Mot. to Dissolve. Claimant Blair seeks $7 million in damages. *See* Blair Claim, Dkt. 14. Claimant Smith seeks $4 million in damages. *See* Smith Claim, Dkt. 10. Claimant Hitchcock seeks $4 million in damages. *See* Hitchcock Claim, Dkt. 12.

## II.     MOTION FOR LEAVE TO FILE SUR-REPLY

Neither the Local Rules of this jurisdiction nor the Federal Rules of Civil Procedure permit the filing of sur-replies as a matter of right. *See Key v. Shelby Cnty.*, 551 Fed. Appx. 262, 265 (6th Cir. 2014). Instead, in order "to file a sur-reply the party must obtain leave of the

court." *Eberhard v. Chicago Title Ins. Co.*, No. 1:11-cv-834, 2014 WL 12756822, at *2 (N.D. Ohio Jan. 8, 2014). District courts are afforded broad discretion in deciding whether to permit a party to file a sur-reply, the classic reason being "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Key*, 551 Fed. Appx. at 264.

Here, Claimants' Reply does contain new submissions and new arguments. *See* Reply. The Reply contains new stipulations and relies upon a different legal theory than the Mot. to Dissolve. *See id.* Claimants "[a]dmit[]" to this. *See* Resp. to Sur-reply at 2. The Court therefore uses its discretion to grant Whitetail Vessel Company's motion for leave to file sur-reply. *See* Mot. for Sur-reply.

### III. MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

Pursuant to the Limitation Act, 46 U.S.C. § 181 *et seq.*, a vessel owner can "limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). The Limitation Act was passed in an effort "to limit the liability of vessel owners to their interest in the adventure . . . and thus to encourage shipbuilding and to induce capitalists to invest money in this branch of industry." *British Transp. Comm'n v. United States*, 354 U.S. 129, 133 (1957) (citations omitted). The procedure for limitation actions is found in Supplemental Admiralty and Maritime Claims Rule F. As the Supreme Court has instructed:

> Rule F sets forth the process for filing a complaint seeking exoneration from, or limitation of, liability. The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

*Lewis*, 531 U.S. at 448.

The Limitation Act requires that once a shipowner files a petition and tenders an adequate bond, "the district court must enjoin all other proceedings against the shipowner involving issues arising out of the subject matter of the limitation action." *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 642 (6th Cir. 1982) (citations omitted). The term given to "the proceeding before the admiralty court in which all competing claims must be litigated" is a "concursus." *Id.* "The purpose of the concursus . . . is to provide for a marshalling of assets and for a setting of priorities among claims where the asserted claims exceed the value of the vessel and its freight." *Id.*

Notably, there are two main exceptions that require the district court to dissolve its stay and permit claimants to litigate their claims in a forum of their choice. *See Lewis*, 531 U.S. at 451. The first exception applies when "the limitation fund exceeds the aggregate of all claims." *S & E Shipping Corp.*, 678 F.2d at 643. That's because, as the Supreme Court reasoned, "where the value of the vessel and the pending freight, the fund paid into the proceeding by the offending owner, exceeds the claims made against it, there is no necessity for the maintenance of the concursus." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957). The second exception applies when "only one claim is made, regardless of its size in relation to the value of the limitation fund." *S & E Shipping Corp.*, 678 F.2d at 643. Under this situation, "a concursus is unnecessary because there are no additional claimants competing for portions of the limitation fund." *Id.*

The general rule, therefore, is that when "multiple claims are asserted in the district court and are, in the aggregate, in excess of the limitation fund"—this is called a "multiple claims-inadequate fund circumstance"—the district court is then required to conduct a concursus. *Id.* at

4

643 (citations omitted).  However, the Sixth Circuit has explained that a multiple claims-inadequate fund situation no longer exists, and a concursus is unnecessary, when the claimants enter priority stipulations.  *See id.* at 644.

Neither of the exceptions applies in this case because there are three claimants and their claims exceed the limitation fund.  *See* Mot. to Dissolve; *see also* Resp. to Mot. to Dissolve.  However, the Claimants argue that a concursus is unnecessary even though this is a multiple claims-inadequate fund circumstance.  *See* Reply.  Here, the Claimants maintain that their stipulations are sufficient to protect Whitetail Vessel Company from liability that exceeds the amount of the limitation fund.  *See id.*  In response, Whitetail Vessel Company claims that the Sixth Circuit does not permit multiple-claimant stipulations as a means for claimants to bypass a stay of proceedings.[2]  *See* Resp. to Mot. to Dissolve.

Whitetail Vessel Company is incorrect.  In *S&E Shipping Corp.*, the Sixth Circuit determined that a multiple claims-inadequate fund situation is not present when the claimants stipulate as to which claims take priority over others.  *See* 678 F.2d at 644.  Other courts have interpreted *S&E Shipping Corp.* the same way.  *See, e.g.*, *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1039 (11th Cir. 1996) (including S&E Shipping Corp. in a string cite to support the proposition that "courts have allowed claimants to transform a multiple-claims-inadequate-fund case into the functional equivalent of a single claim case through appropriate

---

[2] Whitetail Vessel Company argues in the alternative that if the Court considers the stipulations—which it does, *see infra*—that Claimants' joint stipulations are insufficient. *See* Resp. to Mot. to Dissolve at 9. Specifically, Whitetail Vessel Company argues that the joint stipulations are not signed by each of the Claimants. *See id.* Since Whitetail has raised this issue, however, the Claimants have all signed the First Am. Stipulation, Dkt. 22. Similarly, Whitetail Vessel Company contends that Claimants' stipulations fail to appreciate the risks of multiple judgments and the threat to judicial economy. *See* Resp. to Mot. to Dissolve at 9–11. However, Claimants have subsequently stipulated that "if the stay imposed by this Court is lifted, [the Claimants] will file one (1) complaint, and only one (1) complaint, with each Claimant denominated as a co-plaintiff, for trial by jury. Therefore, Petitioners will not have multi suits to defend in multiple fora." *See* First Am. Stipulation ¶ 11. This stipulation greatly diminishes Whitetail Vessel Company's judicial economy concerns.

stipulations, including stipulations that set the priority in which the multiple claims will be paid from the limitation fund"); *In re Ingram Barge Co.*, 419 F. Supp. 2d 885, 889 (S.D.W. Va. 2006) (including *S&E Shipping Corp.* in a string cite to support the proposition that "the circuits have uniformly acknowledged that, in [a multiple claimant-inadequate fund situation], stipulations can provide the requisite protections").

In this case, if the Claimants recover a judgment in the action to be filed in the forum of their choice that exceeds the limitation fund, the Claimants "stipulate to the distribution of the fund *pro rata* by the Court among Claimants if the Court determines that limitation applies." Reply at 7; *see also* First Am. Stipulation, Dkt. 22. And the "stipulation of payment of claims on a pro rata basis adequately prioritizes the claims." *In re Tidewater, Inc.*, 249 F.3d 342, 347 (5th Cir. 2001); *see also In re Massman*, No. 4:12-CV-01665, 2013 WL 718885, at *9 (E.D. Mo. Feb. 27, 2013) (collecting cases). Therefore, this stipulation means that this case no longer presents a multiple claims-inadequate fund situation, which makes a concursus unnecessary. *See S & E Shipping Corp.*, 678 F.2d at 644. Because the Court "must" dissolve the stay of proceedings and permit the Claimants to litigate their claims, the Mot. to Dissolve is granted. *Id.* at 643.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Whitetail Vessel Company's Mot. for Sur-reply, Dkt. 24, is **GRANTED**, for the reasons provided herein; Claimants' Mot. to Dissolve, Dkt. 15, with stipulations, is **GRANTED**, for the reasons provided herein. Accordingly, the injunction and stay entered by the Court on September 21, 2021, Dkt. 4, is **DISSOLVED**. This Order is conditioned on Claimants' stipulations dated December 28, 2021, and filed with this Court on December 29, 2021, *see* First Am. Stipulation, Dkt. 22.

**IT IS FURTHER ORDERED** that a stay of entry of judgment and consequent enforcement of any recovery achieved in a proceeding pending the outcome of this limitation proceeding is entered.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall administratively close this file, which shall be subject to reopening on motion of either party as warranted.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

February 14, 2022